IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff-Appellee,　　)
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　)　　No. 14-20333
　　　　　　　　　　　　　　　　　　)
JOHN PARKS TROWBRIDGE, JR.,　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant-Appellant.　)

**REQUEST THAT THE COURT TAKE JUDICIAL NOTICE OF CERTAIN LEGISLATIVE FACTS, RULES OF STATUTORY CONSTRUCTION, AND A CLARIFYING NOTE FROM THE SECRETARY OF THE TREASURY**

NOW COMES appellant John Parks Trowbridge, Jr. ("Trowbridge") in the above-captioned matter, respectfully and without attorney, to request that this Honorable Court take judicial notice of the enunciation of principles as stated in *Haines v. Kerner*, 404 U.S. 519, wherein the court directed that the pleadings of those unschooled in law shall be held to less stringent standards than formal pleadings drafted by lawyers, and request, pursuant to FEDERAL RULES OF EVIDENCE 201(c)(2) and for the purpose of assisting the Court in the resolution of the instant appeal, that the Court take mandatory judicial notice of the following pertinent legislative facts:

- Articles 1 § 8; 3; and 4 § 3(2) of that certain Constitution ordained, established, and implemented March 4, 1789, Independence Hall, Philadelphia, Pennsylvania;

- "An Act to provide Internal Revenue to support the Government, to pay Interest on the Public Debt, and for other Purposes," Ch. 173, 13 Stat. 223, 306, June 30, 1864:

  > SEC. 182. *And be it further enacted,* That wherever the word state is used in this act it shall be construed to include the territories and the District of Columbia, where such construction is necessary to carry out the provisions of this act.

- "An Act to provide a Government for the District of Columbia," ch. 62, 16 Stat. 419, February 21, 1871; later legislated in "An Act Providing a Permanent Form of Government for the District of Columbia," ch. 180, sec. 1, 20 Stat. 102, June 11, 1878, to remain and continue as a municipal corporation (brought forward from the Act of 1871, as provided in the Act of March 2, 1877, amended and approved March 9, 1878, *Revised Statutes of the United States Relating to the District of Columbia . . . 1873–'74* (in force as of December 1, 1873), sec. 2, p. 2); as amended by the Act of June 28, 1935, 49 Stat. 430, ch. 332, sec. 1 (Title 1, Section 102, District of Columbia Code (1940)):

  > *Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That all that part of the territory of the United States included within the limits of the District of Columbia be, and the same is hereby, created into a government by the name of the District of Columbia, by which name it is hereby constituted a body corporate for municipal purposes, and may contract and be

contracted with, sue and be sued, plea and be impleaded, have a seal, and exercise all other powers of a municipal corporation not inconsistent with the Constitution and laws of the United States and the provisions of this act.

. . . SEC. 18. *And be it further enacted*, That the legislative power of the District shall extend to all rightful subjects of legislation within said District . . . and nothing herein shall be construed to deprive Congress of the power of legislation over said District in as ample manner as if this law had not been enacted.

- *Revised Statutes of the United States, Passed at the First Session of the Forty-third Congress, 1873–'74*, p. 601, approved retroactively as of the Act of March 2, 1877, amended and approved as of the Act of March 9, 1878:

  TITLE XXXV.
  INTERNAL REVENUE.
  . . . SEC. 3140. The word "State," when used in this Title, shall be construed to include the Territories and the District of Columbia where such construction is necessary to carry out its provisions.

- "An Act To increase the revenue, and for other purposes," Ch. 463, 39 Stat. 756, 773, September 8, 1916:

  TITLE I.—INCOME TAX.
  . . . SEC. 15. That the word "State" or "United States" when used in this title shall be construed to include any Territory, the District of Columbia, Porto Rico, and the Philippine Islands, when such construction is necessary to carry out its provisions.

- Social Security Act of August 14, 1935:

  TITLE VIII . . .
  INCOME TAX ON EMPLOYEES

SECTION 801. In addition to other taxes, there shall be levied, collected, and paid upon the income of every individual a tax . . .

. . . TITLE XI . . .
SECTION 1101.
(a) When used in this Act-
   (1) The term State (except when used in section 531) includes Alaska, Hawaii, and the District of Columbia.
   (2) The term United States when used in a geographical sense means the States, Alaska, Hawaii, and the District of Columbia.
   . . . (6) The term employee includes an officer of a [Federal / District of Columbia municipal] corporation.
. . . (b) The terms includes and including when used in a definition contained in this Act shall not be deemed to exclude other things otherwise within the meaning of the term defined.

- 26 C.F.R. - Internal Revenue:

Chapter I - INTERNAL REVENUE SERVICE, DEPARTMENT OF THE TREASURY
Part 1 - INCOME TAXES
Subchapter A - INCOME TAX
§ 1.1-1 Income tax on individuals.
   (a) *General rule.*
     Section 1 of the Code imposes an income tax on the income of every individual who is a citizen or resident of the United States and, to the extent provided by section 871(b) or 877(b), on the income of a nonresident alien individual. . . .

. . . § 72.11 Meaning of terms.
As used in this part . . . . The terms "includes" and "including" do not exclude things not enumerated which are in the same general class.

- Title 5 U.S.C.:

Title 5 U.S. Code - GOVERNMENT ORGANIZATION AND EMPLOYEES
. . . § 552a - Records maintained on individuals
(a) Definitions.— For purposes of this section—

. . . (2) the term "individual" means a citizen of the United
States or an alien lawfully admitted for permanent residence;

- Title 42 U.S.C. Chapter 7 - SOCIAL SECURITY:

  § 1301 - Definitions
  (a) When used in this chapter—
      (1) The term "State", except where otherwise provided,
  includes the District of Columbia and the Commonwealth of
  Puerto Rico . . . Virgin Islands and Guam. . . . American
  Samoa, the Northern Mariana Islands, and the Trust Territory of
  the Pacific Islands. . . .
      (2) The term "United States" when used in a geographical
  sense means, except where otherwise provided, the States.
  . . . (b) The terms "includes" and "including" when used in a
  definition contained in this chapter shall not be deemed to
  exclude other things otherwise within the meaning of the term
  defined.

- Title 26 U.S.C.:

  Chapter 21 - FEDERAL INSURANCE CONTRIBUTIONS
  ACT
  . . . § 3121 - Definitions
  . . . (e) State, United States, and citizen
  For purposes of this chapter—
      (1) State
      The term "State" includes the District of Columbia, the
      Commonwealth of Puerto Rico, the Virgin Islands, Guam,
      and American Samoa.

  . . . § 7701 - Definitions
  . . . Chapter 79 - DEFINITIONS
  (a) When used in this title, where not otherwise distinctly
  expressed . . .
      . . . (9) United States
          The term "United States" when used in a geographical
          sense includes only the States and the District of
          Columbia.

(10) State
    The term "State" shall be construed to include the District of Columbia, where such construction is necessary to carry out provisions of this title.
. . . (c) Includes and including
    The terms "includes" and "including" when used in a definition contained in this title shall not be deemed to exclude other things otherwise within the meaning of the term defined.

- Title 4 U.S.C. Chapter 4 - THE STATES:

    § 106 - Same; income tax
    (a) No person shall be relieved from liability for any income tax levied by any State, or by any duly constituted taxing authority therein, having jurisdiction to levy such a tax, by reason of his residing within a Federal area or receiving income from transactions occurring or services performed in such area; and such State or taxing authority shall have full jurisdiction and power to levy and collect such tax in any Federal area within such State to the same extent and with the same effect as though such area was not a Federal area. . . .

    . . . § 110 - Same; definitions
    As used in sections 105–109 of this title—
    . . . (d) The term "State" includes any Territory or possession of the United States.

- Title 28 U.S.C.:

    TITLE 28—JUDICIARY AND JUDICIAL PROCEDURE.
    . . . § 132. Creation and composition of district courts
    (a) There shall be in each judicial district a district court which shall be a court of record known as the United States District Court for the district.
    . . . (June 25, 1948, ch. 646, 62 Stat. 895 . . .)

    . . . CHAPTER 21—GENERAL PROVISIONS APPLICABLE TO COURTS AND JUDGES
    § 451. Definitions

As used in this title:

The term "court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior.

. . . The term "judge of the United States" includes judges of the courts of appeals, district courts, Court of International Trade and any court created by Act of Congress, the judges of which are entitled to hold office during good behavior.

. . . (June 25, 1948, ch. 646, 62 Stat. 907 . . .)

. . . CHAPTER 176—FEDERAL DEBT COLLECTION PROCEDURE

§ 3001. Applicability of chapter

(a) IN GENERAL.—Except as provided in subsection (b), the[1] chapter provides the exclusive civil procedures for the United States—

(1) to recover a judgment on a debt; or

(2) to obtain, before judgment on a claim for a debt, a remedy in connection with such claim.

(b) LIMITATION.—To the extent that another Federal law specifies procedures for recovering on a claim or a judgment for a debt arising under such law, those procedures shall apply to such claim or judgment to the extent those procedures are inconsistent with this chapter.

(c) AMOUNTS OWING OTHER THAN DEBTS.—This chapter shall not apply with respect to an amount owing that is not a debt or to a claim for an amount owing that is not a debt.

[1] So in original. Probably should be "this".

§ 3002. Definitions

As used in this chapter:

(1) "Counsel for the United States" means—

(A) a United States attorney, an assistant United States attorney designated to act on behalf of the United States attorney, or an attorney with the United States Department of Justice or with a Federal agency who has litigation authority;

. . . (2) "Court" means any court created by the Congress of the United States, excluding the United States Tax Court.

(3) "Debt" means—

. . . (B) an amount that is owing to the United States on account of a[n] . . . assessment, penalty . . . interest, tax . . . but that is not owing under the terms of a contract originally entered into by only persons other than the United States;

and includes any amount owing to the United States for the benefit of an Indian tribe or individual Indian, but excludes any amount to which the United States is entitled under section 3011(a).

. . . (8) "Judgment" means a judgment, order, or decree entered in favor of the United States in a court and arising from a civil or criminal proceeding regarding a debt.

. . . (15) "United States" means—

(A) a Federal corporation;

(B) an agency, department, commission, board, or other entity of the United States; or

(C) an instrumentality of the United States.

Defendant would also request pursuant to FED. R. EVID. 201(c)(2), that the Court take judicial notice of the following rules of statutory construction and interpretation:

- Henry Campbell Black, *Handbook on the Construction and Interpretation of the Laws* (West Publishing Co.: St. Paul, Minn., 1896), § 57, p. 128:

> The words of a statute are to be taken in their ordinary and popular meaning, unless they are technical terms or words of art, in which case they are to be understood in their technical sense. . . .

- Jacob Scott, "Codified Canons and the Common Law of Interpretation," *The Georgetown Law Journal*, Vol. 98, Issue 2, January 2010, pp. 352–353 and 357, respectively:

> Linguistic inference canons provide guidelines about what the legislature likely meant, given its choice of some words and not others. The linguistic inference canons include classic logical canons such as *expressio unius*,[42] *noscitur a sociis*,[43] and *ejusdem generis*.[44] Other inferential rules encourage interpreters to follow the ordinary usage of text unless the legislature has itself defined the word or the phrase has acquired a technical meaning.[45] Because dictionaries report common usage, the dictionary rule supports consulting widely used dictionary definitions of terms the legislature has not defined.[46]

[24. 3 NORMAN J. SINGER & J.D. SHAMBIE SINGER, STATUTES AND STATUTORY CONSTRUCTION § 65A:13, at 797 (7th ed. 2008) [hereinafter SUTHERLAND].]

42. The inclusion of one thing indicates exclusion of others. *See* Tate v. Ogg, 195 S.E. 496, 499 (Va. 1938) (holding that where a statute applied to "'any horse, mule cattle, hog, sheep or goat,'" it did not apply to turkeys); 2A SUTHERLAND, *supra* note 24, § 47:23, at 404 (7th ed. 2007) (stating that where a list of things is designated, "all omissions should be understood as exclusions").

43. Literally, "it is known from its associates," but more usefully described as outlining the inference that ambiguous words may be illuminated by the words grouped with it in a statute. 2A SUTHERLAND, *supra* note 24, § 47:16 (7th ed. 2007); *see* Jarecki v. G.D. Searle & Co., 367 U.S. 303, 305–07 (1961) (given the word string "'resulting from exploration, discovery, or prospecting,'" the Court construed "discovery" to mean only discovery of mineral resources and to not include scientific discoveries).

44. Meaning "of the same kind" and the touchstone for inferences that particular words implicitly establish a class of objects and that provision applies to that class. 2A SUTHERLAND, *supra* note 24, § 47:17 (7th ed. 2007); *see* Heathman v. Giles, 374 P.2d 839, 839–40 (Utah 1962) (given the word string "'any sheriff, constable, peace officer, state road officer, or any other person charged with the duty of enforcement of the criminal laws of this state,'" the court held that prosecutors were not "'other person[s] charged with the duty of enforcement of the criminal laws'" because "other person[s]" is limited by the class described in the initial word string).

45. *See* MCI Telecomms. Corp. v. AT&T, 512 U.S. 218, 228 (1994) (using ordinary usage canon to hold that the Federal Communication Commission's authority to "modify" tariff requirements does not allow it to waive tariffs because "'[m]odify,' in [the Court's] view, connotes moderate change" and stating that "[i]t might be good English to say that the French Revolution 'modified' the status of the French nobility—but only because there is a figure of speech called understatement and a literary device known as sarcasm").

46. *See* Muscarello v. United States, 524 U.S. 125, 128 (1998) (consulting the Oxford English Dictionary, Webster's Third New International Dictionary, and Random House Dictionary of the English Language Unabridged for the meaning of the word "carry"); 2A SUTHERLAND, *supra* note 24, § 46:2, at 162–64 (7th ed. 2007).

. . . Table 1. Linguistic Inference Canons . . .

. . . Ordinary usage: Follow ordinary usage of terms, unless the legislature gives them a specified or technical meaning. . . .

Dictionary definition: Follow dictionary definitions of terms, unless the legislature has provided a specific definition.

- *A Dictionary of Law*, 7th ed., Jonathan Law and Elizabeth Martin, eds.

(Oxford University Press: Oxford, 2009), s.v. "Interpretation, Rules

and Principles of Statutory," p. 295:

The principal rules of statutory interpretation are as follows:
(1) An Act must be construed as a whole, so that internal inconsistencies are avoided.
(2) Words that are reasonably capable of only one meaning must be given that meaning whatever the result. This is called the *literal rule*.
(3) Ordinary words must be given their ordinary meanings and technical words their technical meanings, unless absurdity would result. This is the *golden rule*.
(4) When an Act aims at curing a defect in the law any ambiguity is to be resolved in such a way as to favour that aim (the *mischief rule*).
(5) The rule *ejusdem generis* (of the same kind): when a list of specific items belonging to the same class is followed by general words (as in "cats, dogs, and other animals"), the

general words are to be treated as confined to other items of the same class (in this example, to other *domestic* animals).

(6) The rule *expressio unius est exclusio alterius* (the inclusion of the one is the exclusion of the other): when a list of specific items is not followed by general words it is to be taken as exhaustive. For example, "weekends and public holidays" excludes ordinary weekdays.

(7) The rule *in pari materia* (on the like matter): when a prior Act is found to be "on the like matter" it can be used as an aid in construing the statute in question . . .

(8) The rule *noscitur a sociis* (known by its associates): when a word or phrase is of uncertain meaning, it should be construed in the light of the surrounding words . . .
. . . Penal and taxing statutes are subject to strict construction . . .

- Norman J. Singer and J.D. Shambie Singer, *Statutes and Statutory Construction*, 7th ed., 2007 new ed., vol. 2A, Thomson – West, 398– 412 (Extensive footnoting of cases omitted.):

§ 47:23   Expressio unius est exclusio alterius
As the maxim is applied to statutory interpretation, where . . . the persons or things to which it refers are designated, there is an inference that all omissions should be understood as exclusions. The maxim does not apply to every statutory listing or grouping. It has force only when the items expressed are members of an associated group or series, justifying the inference that the items not mentioned were excluded by deliberate choice.

- *Bouvier's Law Dictionary*, 3rd rev., 8th ed., by Francis Rawle:

EJUSDEM GENERIS (Lat.). Of the same kind.
In the construction of laws, wills, and other instruments, general words following an enumeration of specific things are usually restricted to things of the same kind (*ejusdem generis*) as those specifically enumerated. . . . [p. 979]

*Expressio unius est exclusio alterius.* The expression of one thing is the exclusion of another. Co. Litt. 210 ; Broom, Max. 607, 651 . . . 36 Fed. 880 ; 104 U. S. 25, 26 L. Ed. 637. It is a rule of construction. 222 U. S. 513, 32 Sup. Ct. 117, 56 L. Ed. 291. [p. 2134]

Defendant would further request as aforesaid, that the Court take judicial notice of the following clarifying note provided by the Secretary of the Treasury in "Persons Employed In a U.S. Possession / Territory - FIT" at

http://www.irs.gov/Individuals/International-Taxpayers/Persons-Employed-In-U.S.-Possessions:

> U.S. possessions can be divided into two groups:
>
> 1. Those that have their own governments and their own tax systems (Puerto Rico, U.S. Virgin Islands, Guam, American Samoa, and The Commonwealth of the Northern Mariana Islands), and
> 2. Those that do not have their own governments and their own tax systems . . .
>
> The governments of the first group of territories impose their own income taxes and withholding taxes on their own residents. . . .

DATE:    October 14, 2014

Respectfully submitted,

John Parks Trowbridge, Jr.
9816 Memorial Boulevard #205
Humble, Texas
(281) 540-2329

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 14-20333 |
| | ) | |
| JOHN PARKS TROWBRIDGE, JR., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

## DECLARATION

John Parks Trowbridge, Jr., Appellant, hereby states:

The facts set forth in the accompanying REQUEST THAT THE COURT TAKE JUDICIAL NOTICE OF CERTAIN LEGISLATIVE FACTS, RULES OF STATUTORY CONSTRUCTION, AND A CLARIFYING NOTE FROM THE SECRETARY OF THE TREASURY are true to the best of my knowledge and belief.

I declare upon penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 14th day of October 2014.

John Parks Trowbridge, Jr.

## CERTIFICATE OF SERVICE

I, John Parks Trowbridge, Jr., hereby certify that on October 14, 2014, a true, correct, and complete paper copy of the foregoing REQUEST THAT THE COURT TAKE JUDICIAL NOTICE OF CERTAIN LEGISLATIVE FACTS, RULES OF STATUTORY CONSTRUCTION, AND A CLARIFYING NOTE FROM THE SECRETARY OF THE TREASURY was served by overnight third-party commercial delivery service or overnight United States Postal Service delivery upon each counsel of record as indicated below.  Further, the requisite paper copies of the REQUEST THAT THE COURT TAKE JUDICIAL NOTICE OF CERTAIN LEGISLATIVE FACTS, RULES OF STATUTORY CONSTRUCTION, AND A CLARIFYING NOTE FROM THE SECRETARY OF THE TREASURY were filed on October 14, 2014, by overnight third-party commercial delivery service or overnight United States Postal Service delivery addressed to the Clerk of the Appeals Court as indicated below.

Date:  October 14, 2014

John Parks Trowbridge, Jr.

Tamara W. Ashford
Acting Assistant Attorney General
U. S. Department of Justice
Tax Division
P. O. Box 502
Washington, DC 20044

Carol A. Barthel
U. S. Department of Justice
Tax Division, Appellate Section
P. O. Box 502
Washington, DC 20044-0000


Robert Joel Branman, Esq.
U.S. Department of Justice
Tax Division, Appellate Section
Suite 4635
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0000

Robert W. Metzler
U.S. Department of Justice
Tax Division
P. O. Box 502
Washington, DC 20044

Joshua David Smeltzer
U.S. Department of Justice
Tax Division
717 N. Harwood Street
Dallas, TX 75201-0000

Lyle W. Cayce
Clerk of the United States Court
    of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 14-20333 |
| | ) | |
| JOHN PARKS TROWBRIDGE, JR., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

### APPELLANT'S REPLY TO APPELLEE'S RESPONSE TO APPELLANT'S MOTION FOR SANCTIONS

Appellee United States of America (the "Appellee"), has filed a response to the motion of appellant John Parks Trowbridge, Jr. ("Trowbridge") that, among other things, Appellee and counsel for Appellee be sanctioned for maintaining a frivolous and fraudulent response to Trowbridge's appeal brief (the "Appeal" or "App."). Trowbridge hereby replies to Appellee's response to Trowbridge's motion for sanctions, which motion should be granted.

> The words of a statute are to be taken in their ordinary and popular meaning, unless they are technical terms or words of art, in which case they are to be understood in their technical sense. . . . [Emphasis added.] Henry Campbell Black, *Handbook on the Construction and Interpretation of the Laws* (West Publishing Co.: St. Paul, Minn., 1896), § 57, 128. (ROA.308).

> Linguistic inference canons provide guidelines about what the legislature likely meant, given its choice of some words and not others. The linguistic inference canons include classic logical canons such as *expressio unius*,[42] *noscitur a sociis*,[43] and *ejusdem generis*.[44] Other inferential rules encourage interpreters to follow the ordinary

usage of text unless the legislature has itself defined the word or the phrase has acquired a technical meaning.[45] [Emphasis added.] Jacob Scott, "Codified Canons and the Common Law of Interpretation," The Georgetown Law Journal, Vol. 98, Issue 2, January 2010, 352–353. (App. 26, 28).

Table 1. Linguistic Inference Canons . . .
. . . Ordinary usage: Follow ordinary usage of terms, unless the legislature gives them a specified or technical meaning. . . .
Dictionary definition: Follow dictionary definitions of terms, unless the legislature has provided a specific definition. [Emphasis added.]
*Id.* at 357. (App. 28).

*Contra negantem principia non est disputandum.* There is no disputing against one who denies principles. *Bouvier's Law Dictionary*, 3rd rev., 8th ed., p. 2129.

Appellee's reply to Trowbridge's motion for sanctions is frivolous and fraudulent for the same reasons as Appellee's response brief (the "Response"): Counsel for Appellee propound by inference some kind of Title 26 U.S.C. or Title 28 U.S.C. Chapter 176 nexus between Trowbridge and the geographical or political United States, to the exclusion of the controlling definition of the geographical and political United States in Title 26 U.S.C. and Title 28 U.S.C. Chapter 176. Cases cited by counsel for Appellee in support of the arguments in said reply likewise are devoid of reference to either of said controlling definitions.

Counsel for Appellee not only refuse to follow the law, but also attempt to lead the Court astray into reliance on counsel for Appellee's own private, unknown, unwritten version of "law" as to the definition and meaning of "United States," by which Trowbridge should be held liable by inference.

All of Appellee's filings evince a defiance and ignorance of material law that is indispensable to resolution of the allegations in the Complaint and operates to deny Trowbridge due process of law.

Said law consists of the Title 26 U.S.C. terms "United States," "State," and "includes"; and the Title 28 U.S.C. Chapter 176 terms "United States," "counsel for the United States," "court," "debt," and "judgment."

That Tamara Wenda Ashford, Robert Joel Branman, Robert W. Metzler, and Carol A. Barthel (and Kenneth Magidson, Joshua David Smeltzer, and Lynn Nettleton Hughes) are legally ignorant of the meaning of the respective definition of every aforesaid statutory term is indisputable—because there is no evidence in the ROA or any of Appellee's filings that indicates otherwise.

It is not possible for Trowbridge to receive fair treatment or enjoy due process of law if every actor involved in the instant lawsuit and appeal is ignorant of the selfsame law upon which each relies for authority to prosecute or hear the instant cause or oppose the instant appeal.

The decision before this Honorable Court is a simple one: whether the Court should excuse counsel for Appellee, counsel for plaintiff United States of America, and the trial court for documented ignorance of law, refusal to follow / observe the law, failure to produce evidence of jurisdiction following proper challenge thereof, and advocacy of an inferred "law" known only to Tamara Wenda Ashford, Robert

Joel Branman, Robert W. Metzler, Carol A. Barthel, Kenneth Magidson, Joshua David Smeltzer, and Lynn Nettleton Hughes by which Trowbridge should be held liable for the allegations in the Complaint.

## CONCLUSION

Appellee's reply to Trowbridge's motion for sanctions, like the Response, is frivolous and fraudulent for the reasons cited hereinabove.

Trowbridge's motion to impose sanctions against Appellee and counsel for Appellee for pursuing a frivolous and fraudulent response to Trowbridge's Appeal should be granted, as well as all other sanctions recommended in said motion.

Date:        October 14, 2014        Respectfully submitted,

John Parks Trowbridge, Jr.
9816 Memorial Boulevard #205
Humble, Texas
(281) 540-2329

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 14-20333 |
| | ) | |
| JOHN PARKS TROWBRIDGE, JR., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

## DECLARATION

John Parks Trowbridge, Jr., Appellant, hereby states:

The facts set forth in the accompanying APPELLANT'S REPLY TO APPELLEE'S RESPONSE TO APPELLANT'S MOTION FOR SANCTIONS are true to the best of my knowledge and belief.

I declare upon penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 14th day of October 2014

John Parks Trowbridge, Jr.

## CERTIFICATE OF SERVICE

I, John Parks Trowbridge, Jr., hereby certify that on October 14, 2014, a true, correct, and complete paper copy of the foregoing APPELLANT'S REPLY TO APPELLEE'S RESPONSE TO APPELLANT'S MOTION FOR SANCTIONS was served by overnight third-party commercial delivery service or overnight United States Postal Service delivery upon each counsel of record as indicated below. Further, the requisite paper copies of the APPELLANT'S REPLY TO APPELLEE'S RESPONSE TO APPELLANT'S MOTION FOR SANCTIONS were filed on October 14, 2014, by overnight third-party commercial delivery service or overnight United States Postal Service delivery addressed to the Clerk of the Appeals Court as indicated below.

Date: October 14, 2014

John Parks Trowbridge, Jr.

Tamara W. Ashford
Acting Assistant Attorney General
U. S. Department of Justice
Tax Division
P. O. Box 502
Washington, DC 20044

Carol A. Barthel
U. S. Department of Justice
Tax Division, Appellate Section
P. O. Box 502
Washington, DC 20044-0000

Robert Joel Branman, Esq.
U.S. Department of Justice
Tax Division, Appellate Section
Suite 4635
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0000

Robert W. Metzler
U.S. Department of Justice
Tax Division
P. O. Box 502
Washington, DC 20044

Joshua David Smeltzer
U.S. Department of Justice
Tax Division
717 N. Harwood Street
Dallas, TX 75201-0000

Lyle W. Cayce
Clerk of the United States Court
    of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408