IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| v. ) | No. 14-20333 |
| ) | |
| JOHN PARKS TROWBRIDGE, JR., ) | |
| ) | |
| Defendant-Appellant. ) | |

**APPELLANT'S REPLY TO APPELLEE'S RESPONSE TO APPELLANT'S MOTION FOR SANCTIONS**

Appellee United States of America (the "Appellee"), has filed a response to the motion of appellant John Parks Trowbridge, Jr. ("Trowbridge") that, among other things, Appellee and counsel for Appellee be sanctioned for maintaining a frivolous and fraudulent response to Trowbridge's appeal brief (the "Appeal" or "App."). Trowbridge hereby replies to Appellee's response to Trowbridge's motion for sanctions, which motion should be granted.

> The words of a statute are to be taken in their ordinary and popular meaning, <u>unless they are technical terms or words of art, in which case they are to be understood in their technical sense.</u> . . . [Emphasis added.] Henry Campbell Black, *Handbook on the Construction and Interpretation of the Laws* (West Publishing Co.: St. Paul, Minn., 1896), § 57, 128. (ROA.308).
>
> Linguistic inference canons provide guidelines about what the legislature likely meant, given its choice of some words and not others. The linguistic inference canons include classic logical canons such as *expressio unius*,[42] *noscitur a sociis*,[43] and *ejusdem generis*.[44] Other inferential rules encourage interpreters to <u>follow the ordinary</u>

usage of text unless the legislature has itself defined the word or the phrase has acquired a technical meaning.[45] [Emphasis added.] Jacob Scott, "Codified Canons and the Common Law of Interpretation," The Georgetown Law Journal, Vol. 98, Issue 2, January 2010, 352–353. (App. 26, 28).

Table 1. Linguistic Inference Canons . . .
. . . Ordinary usage: Follow ordinary usage of terms, unless the legislature gives them a specified or technical meaning. . . .
Dictionary definition: Follow dictionary definitions of terms, unless the legislature has provided a specific definition. [Emphasis added.] *Id.* at 357. (App. 28).

*Contra negantem principia non est disputandum.* There is no disputing against one who denies principles. *Bouvier's Law Dictionary*, 3rd rev., 8th ed., p. 2129.

Appellee's reply to Trowbridge's motion for sanctions is frivolous and fraudulent for the same reasons as Appellee's response brief (the "Response"): Counsel for Appellee propound by inference some kind of Title 26 U.S.C. or Title 28 U.S.C. Chapter 176 nexus between Trowbridge and the geographical or political United States, to the exclusion of the controlling definition of the geographical and political United States in Title 26 U.S.C. and Title 28 U.S.C. Chapter 176. Cases cited by counsel for Appellee in support of the arguments in said reply likewise are devoid of reference to either of said controlling definitions.

Counsel for Appellee not only refuse to follow the law, but also attempt to lead the Court astray into reliance on counsel for Appellee's own private, unknown, unwritten version of "law" as to the definition and meaning of "United States," by which Trowbridge should be held liable by inference.

All of Appellee's filings evince a defiance and ignorance of material law that is indispensable to resolution of the allegations in the Complaint and operates to deny Trowbridge due process of law.

Said law consists of the Title 26 U.S.C. terms "United States," "State," and "includes"; and the Title 28 U.S.C. Chapter 176 terms "United States," "counsel for the United States," "court," "debt," and "judgment."

That Tamara Wenda Ashford, Robert Joel Branman, Robert W. Metzler, and Carol A. Barthel (and Kenneth Magidson, Joshua David Smeltzer, and Lynn Nettleton Hughes) are legally ignorant of the meaning of the respective definition of every aforesaid statutory term is indisputable—because there is no evidence in the ROA or any of Appellee's filings that indicates otherwise.

It is not possible for Trowbridge to receive fair treatment or enjoy due process of law if every actor involved in the instant lawsuit and appeal is ignorant of the selfsame law upon which each relies for authority to prosecute or hear the instant cause or oppose the instant appeal.

The decision before this Honorable Court is a simple one: whether the Court should excuse counsel for Appellee, counsel for plaintiff United States of America, and the trial court for documented ignorance of law, refusal to follow / observe the law, failure to produce evidence of jurisdiction following proper challenge thereof, and advocacy of an inferred "law" known only to Tamara Wenda Ashford, Robert

Joel Branman, Robert W. Metzler, Carol A. Barthel, Kenneth Magidson, Joshua David Smeltzer, and Lynn Nettleton Hughes by which Trowbridge should be held liable for the allegations in the Complaint.

## CONCLUSION

Appellee's reply to Trowbridge's motion for sanctions, like the Response, is frivolous and fraudulent for the reasons cited hereinabove.

Trowbridge's motion to impose sanctions against Appellee and counsel for Appellee for pursuing a frivolous and fraudulent response to Trowbridge's Appeal should be granted, as well as all other sanctions recommended in said motion.

Date:    October 14, 2014              Respectfully submitted,

                                        John Parks Trowbridge, Jr.
                                        9816 Memorial Boulevard #205
                                        Humble, Texas
                                        (281) 540-2329

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) |
| v. | ) No. 14-20333 |
| JOHN PARKS TROWBRIDGE, JR., | ) |
| Defendant-Appellant. | ) |

## DECLARATION

John Parks Trowbridge, Jr., Appellant, hereby states:

The facts set forth in the accompanying APPELLANT'S REPLY TO APPELLEE'S RESPONSE TO APPELLANT'S MOTION FOR SANCTIONS are true to the best of my knowledge and belief.

I declare upon penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 14th day of October 2014.

_____
John Parks Trowbridge, Jr.

## CERTIFICATE OF SERVICE

I, John Parks Trowbridge, Jr., hereby certify that on October 14, 2014, a true, correct, and complete paper copy of the foregoing APPELLANT'S REPLY TO APPELLEE'S RESPONSE TO APPELLANT'S MOTION FOR SANCTIONS was served by overnight third-party commercial delivery service or overnight United States Postal Service delivery upon each counsel of record as indicated below.  Further, the requisite paper copies of the APPELLANT'S REPLY TO APPELLEE'S RESPONSE TO APPELLANT'S MOTION FOR SANCTIONS were filed on October 14, 2014, by overnight third-party commercial delivery service or overnight United States Postal Service delivery addressed to the Clerk of the Appeals Court as indicated below.

Date:  October 14, 2014

John Parks Trowbridge, Jr.

Tamara W. Ashford
Acting Assistant Attorney General
U. S. Department of Justice
Tax Division
P. O. Box 502
Washington, DC 20044

Carol A. Barthel
U. S. Department of Justice
Tax Division, Appellate Section
P. O. Box 502
Washington, DC 20044-0000

Robert Joel Branman, Esq.
U.S. Department of Justice
Tax Division, Appellate Section
Suite 4635
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0000

Robert W. Metzler
U.S. Department of Justice
Tax Division
P. O. Box 502
Washington, DC 20044

Joshua David Smeltzer
U.S. Department of Justice
Tax Division
717 N. Harwood Street
Dallas, TX 75201-0000

Lyle W. Cayce
Clerk of the United States Court
    of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408