## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | |
| **v.** | ) | **No. 14-20333** |
| | ) | |
| **JOHN PARKS TROWBRIDGE, JR.,** | ) | |
| | ) | |
| **Defendant-Appellant** | ) | |

### APPELLEE'S OPPOSITION TO
### APPELLANT'S MOTION FOR JUDICIAL NOTICE

The United States of America, appellee herein, hereby opposes the

motion of appellant John Parks Trowbridge, Jr. for judicial notice.

1.     Trowbridge asks the Court to take judicial notice of certain

"pertinent legislative facts."  (Mot. at 1.)  The legislative facts he cites

are Articles 1 § 8 and 4 § 3(2) of the United States Constitution;

statutory provisions respecting taxation and the District of Columbia;

provisions of the Privacy Act, 5 U.S.C. § 552a, the Buck Act, 4 U.S.C.

§ 106, and the Federal Debt Collection Procedures Act, 28 U.S.C.

§ 3001; and 28 U.S.C. § 132, respecting the federal district courts.  (Mot.

1-8.)  He also seeks judicial notice of citations from treatises, a law

journal, and law dictionaries respecting statutory construction and

interpretation.  (Mot. 8-12.)  Finally, he seeks judicial notice of a note entitled "Persons Employed in a U.S. Possession/Territory" that appears on the website of the Internal Revenue Service.  (Mot. 12.)

2.    As authority for this request, Trowbridge relies on Rule 201 of the Federal Rules of Evidence.  (Mot. 1.)  Rule 201, however, does not authorize his request.  By its terms, this rule "governs judicial notice of an adjudicative fact only, not a legislative fact."  FRE 201(a).  As the Advisory Committee Note explains, "[a]djudicative facts are simply the facts of the case.  Legislative facts, on the other hand, are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body."  Note to Subdivision (a) (1972). The note defines "adjudicative facts" as "'those to which the law is applied in the process of adjudication.  They are the facts that normally go to the jury in a jury case'"  *Id.* (quoting K.C. Davis, 2 *Administrative Law* Treatise (1958) at 353).  What Trowbridge requests is judicial notice not of adjudicative facts but of legal authorities, that is, of law. As the Advisory Committee makes clear, "the manner in which law is fed into the judicial process is never a concern of the rules of evidence

but rather of the rules of procedure." *Id.* at Note on Judicial Notice of Law.

3.    The procedural rules applicable here are the Federal Rules of Appellate Procedure, which provide for the citation of legal authorities in the parties' briefs. *See* Fed. R. App. P. 28(a)(8)(a) (argument section of appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Trowbridge's opening brief and reply brief in this appeal, which cite numerous authorities, have already been filed.

4.    The Federal Rules of Appellate Procedure further provide that "[i]f pertinent and significant authorities come to a party's attention after the party's brief has been filed," the party "may promptly advise the circuit court by letter, with a copy to all other parties, setting forth the citations." Fed. R. App. P. 28(j). A letter pursuant to this rule "must state the reasons for the supplemental citations, referring . . . to the page of the brief." *Ibid.* Moreover, "[t]he body of the letter must not exceed 350 words." *Ibid.* Trowbridge's request for judicial notice meets none of these requirements: it does not

-4-

state the reasons for the supplemental citations or refer to the pages of his brief to which they refer, and, at 12 pages, much of it single-spaced, it is far more than 350 words long.

For the reasons stated above, Trowbridge's motion for judicial notice should be denied.

Respectfully submitted,

TAMARA W. ASHFORD
   *Acting Assistant Attorney General*

*/s/ Carol Barthel*

ROBERT W. METZLER          (202) 514-3938
CAROL BARTHEL          (202) 514-2921
   *Attorneys*
   *Tax Division*
   *Department of Justice*
   *Post Office Box 502*
   *Washington, D.C. 20044*

This 20th day of October, 2014.

11967747.1

-5-

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | |
| **v.** | ) | **No. 14-20333** |
| | ) | |
| **JOHN PARKS TROWBRIDGE, JR.,** | ) | |
| | ) | |

## DECLARATION

Carol Barthel of the Appellate Section, Tax Division, Department

of Justice, states:

The facts set forth in the accompanying opposition are true to the

best of my knowledge and belief.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746
that the foregoing is true and correct.  Executed this 20th day of
October, 2014, at Washington, D.C.


_____*/s/ Carol Barthel*_____
CAROL BARTHEL
*Attorney*

-6-

# CERTIFICATE OF SERVICE

It is hereby certified that, on this 20th day of October, 2014, that:

- this opposition was filed with the Clerk of the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system;

- all required privacy redactions have been made in accordance with Local Rule 25.2.13;

- the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses;

- the electronic and paper submissions are identical as required by Local Rule 25.2.1.

I further certify that, on October 20, 2014, I have mailed the foregoing response by First Class Mail, postage prepaid, to the following non-CM/ECF participant, addressed as follows:

Dr. John Parks Trowbridge, Jr.
9816 Memorial Blvd. #205
Humble, Texas 77338

/s/ *Carol Barthel*
CAROL BARTHEL
*Attorney*